IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2945 |
| | § | |
| EVOLUTION CAPITAL ADVISORS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is defendant Damian Omar Valdez's ("Valdez") motion for reconsideration of the court's October 16, 2013 memorandum opinion and order. Dkt. 82. Valdez objects to the court's award of third-tier civil penalties to the SEC in the amount of $3,803,341.31. *Id.* at 1–2. Valdez contends that this sum is overstated, as the maximum award is his personal gain from investment management fees, and he claims this amount was far less than $3.8 million.

Valdez is correct that under the Securities and Exchange Acts, the court may not assess a third-tier penalty against a securities law violator that exceeds the defendant's "gross amount of pecuniary gain." 15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii). However, at the time of the court's order, Valdez had only argued that his penalty should match either the then-current or ultimate disgorgement figure. This argument is fatally flawed, because to receive a credit for recovered funds against a penalty would be to recognize an arguable "net" gain as a result of the fraud, which the statute does not contemplate and would eviscerate the distinction between disgorgement and civil penalties. *See S.E.C. v. Reynolds*, No. 3:08-CV-438-B, 2013 WL 3479825, at *4 (N.D. Tex. July 11, 2013) ("Monetary penalties are designed to serve as deterrents against securities law violations, in contrast with disgorgement, which primarily aims to remove a defendant's profit from illegal transactions and which merely places the offender in the same position he would have been in had he

not committed the offense."). Further, Valdez initially pointed to no evidence that his personal gain was limited to $2.4 million in investment management fees, and this new argument is waived. The court properly determined in its October order, based on the evidence of record, that Valdez's *gross* gain was the $3.8 million in funds initially retained as part of the fraudulent scheme. Valdez's motion for reconsideration (Dkt. 82) is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on January 14, 2014.

_____
Gray H. Miller
United States District Judge